UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-81969-CV-RLR
          20-80031-CR-RLR

ANTONIO JOSE MARTINEZ,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON MOTION TO VACATE SENTENCE**

Antonio Martinez, through counsel, moves to set aside his 96 month sentence on the ground that trial counsel was constitutionally ineffective by agreeing with the Government to jointly recommend a 96 month sentence without conferring with Mr. Martinez. Because Mr. Martinez has not shown that the Court would have imposed a different sentence but for the joint recommendation, he has failed to satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel. So, his Motion to Vacate should be DENIED.

I.    BACKGROUND

Mr. Martinez pled guilty to a conspiracy to possess with intent to distribute five kilograms or more of cocaine, which exposed him to a life sentence with a 10-year

mandatory minimum. CR ECF No. 104.[1] At his sentencing hearing, the Court explained, "Also, after your initial advisory Guideline range has been determined, the Court has the authority in some circumstances to depart upward or downward from that range, and will also examine other statutory factors under 18 United States Code, Section 3553(a), that may result in a sentence that is either more or less than any advisory Guideline sentence." ECF No. 140 at 33-34.

The presentence investigation report recommended that he not qualify for the "safety valve" provision under U.S.S.G. §5C1.2 and 18 U.S.C. §3553(f). CR ECF No. 112. Specifically, it found that he had not satisfied the requirement that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *Id*. ¶64 (citing 18 U.S.C. §3554(f)(5); U.S.S.G. §5C1.2(a)(5)). As a result, it recommended a sentencing range of 120 months. *Id*. ¶134. With credit for the safety valve, his advisory Guidelines range would have been 57-71 months. *Id*.

Mr. Martinez filed an objection to the PSI, arguing that he qualified for the safety valve. CR ECF No. 113. His written sentencing memo argued for a further downward variance. *Id*.

Mr. Martinez was present for the sentencing hearing. Before hearing from counsel, Judge Rosenberg advised him of his right "to make any statement you would like to make to the Court before the Court pronounces your sentence in this case." CR

---

[1] Citations to "CR ECF No." are to case number 20-CR-80031-RLR.

2

ECF No. 140 at 63. He said that he understood his right to allocate. He then said, "Well, I just wanted to apologize for everything that happened." *Id*.

At the sentencing hearing, the United States told the Court that Mr. Martinez had provided additional information to the Government after the PSI was completed. The Government now took the position that Mr. Martinez qualified for the safety valve and that the advisory Guidelines range was 57-71 months. CR ECF No. 140 at 66. The parties made a joint recommendation that Mr. Martinez be sentenced to 96 months. *Id*. at 68. After Defense Counsel explained the joint recommendation, the Court said, "Was there anything further you wanted to go over or did you want to confer to see if there is anything further Mr. Martinez wanted to say before I turn it over to the Government?" *Id*. at 69. Defense counsel said, "Judge, in essence, I can speak on behalf of Mr. Martinez, he apologizes to the Court, the U.S. Attorney's Office, and his family for what places him in this situation. He is not only embarrassed, he is old age and he requests he be placed in a medical facility." *Id*. Mr. Martinez did not say anything more.

The United States then explained that it sought an upward variance for the reasons listed in its response to Mr. Martinez's objection, that is, based on "the length of time that Mr. Martinez had been selling cocaine, the amounts of cocaine he had been selling, the fact that he had been previously warned by law enforcement to stop and he had not heeded that warning and so forth." *Id*. at 70-71.

Before pronouncing the sentence, the Court explained that it had considered the statements of the parties and the statutory factors under 18 U.S.C. §3553. It then

3

imposed an upward departure, after giving explicit reasons for that departure. *Id*. at 72. The Court did note "that the Defense does not object to the upward variance." *Id*. The Court then imposed a 96 month sentence.

## II.  DISCUSSION

Mr. Martinez seeks a resentencing. He alleges his trial counsel was constitutionally ineffective because (1) his trial counsel did not get his consent to jointly recommend a 96 month sentence and (2) trial counsel failed to argue that there was not a valid basis for an upward variance.

A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or the laws of the United States; (2) exceeded its jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. §2255; *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). So, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1998) (per curiam) (internal quotations omitted)). A defendant cannot use a Section 2255 petition to challenge how the sentencing judge weighed the §3553 factors or whether the Court properly varied from the advisory Guideline range. *See, e.g., Grant v. United States*, No. 13-20921-CR, 2015 WL 10575897, at *11 (S.D. Fla. Dec. 29, 2015) (J. Seltzer), *report and recommendation adopted,* No. 13-20921-CR,

2016 WL 1298513 (S.D. Fla. Mar. 30, 2016) (J. Cohn). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255(b). The movant bears the burden of proving by a preponderance of the evidence that vacatur of the conviction or sentence is required. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017), *rehearing en banc denied by, Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018), *cert. denied by, Beeman v. United States*, 139 S.Ct. 1168 (2019); *United States v. Tarver*, 344 Fed. Appx. 581, 582 (11th Cir. 2009).

Whether there was ineffective assistance of counsel is measured under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id.* at 690.

As to the first *Strickland* prong, the "standard for counsel's performance is 'reasonableness under prevailing professional norms.'" *Chandler v. United States*, 218 F.3d 1305, 1313. (11th Cir. 2000) (citing *Strickland*, 466 U.S. at 688). A petitioner must prove by a preponderance of the evidence that counsel's performance was objectively unreasonable. *Chandler*, 218 F.3d at 1313, 1315. The judiciary's scrutiny of counsel's performance is highly deferential. *Id.* at 1314. There is a strong presumption that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case,

5

as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (citing *Darden v. Wainwright*, 477 U.S. 168 (1986)). Trial counsel has an obligation to communicate and explain plea offers to the defendant. *Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

As to the second prong, a defendant establishes prejudice by showing that but for counsel's deficient performance there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.* "[I]n order to show prejudice under *Strickland*'s two-part test, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (first citing *Frye*, 566 U.S. at 147; then citing *Lafler*, 566 U.S. at 174).

Mr. Martinez argues that trial counsel's representation was constitutionally deficient because it was unreasonable to agree to an upward variance without the client's consent and because that agreement modified the plea agreement without Mr. Martinez's consent. The Government responds that Mr. Martinez's claims are not cognizable under Section 2255 and/or that he has not met his burden of proving a sixth amendment violation.[2]

---

[2] Both parties address the voluntariness of the plea colloquy, but that issue is not before the Court. Mr. Martinez's §2255 petition does not ask to set aside his plea. It asks only for a resentencing. Nevertheless, the Government argues that

I need not address the first *Strickland* prong because Mr. Martinez has not met his burden of showing prejudice. The totality of Mr. Martinez's argument on prejudice in his Section 2255 petition is, "With regard to prejudice, it is clear that a sentence of 96 months is far in excess of the guideline range of 57-71 months, therefore prejudice is established in this instance." ECF No. 1-2 at 5. Mr. Martinez also requests an evidentiary hearing. *Id.* at 5. In his Reply, he says, "The Movant's guideline sentencing range was 57-71 months imprisonment, however as a result of counsel's error a sentence of 96 months imprisonment was imposed. Had it not been for the agreement between Movant's counsel and the Government, it is likely that at the worst, a sentence at the top-end of the guideline range would have been imposed, to wit: 71 months imprisonment, approximately two years less. It is respectfully submitted that this demonstrates 'prejudice.'" ECF No. 8 at 3-4 ¶7.

Mr. Martinez's argument is speculative, at best. It ignores that the parties' joint recommendation was not binding. Prior to imposing the sentence, the Court explained that it had considered the Government's arguments for an upward variance and the §3553 sentencing factors, and had independently concluded that a 96 month

---

Mr. Martinez's guilty plea waives all non-jurisdictional challenges except that counsel's ineffectiveness rendered the plea involuntary. In his Reply, Mr. Martinez argues, for the first time, "If this Court correctly finds that the plea agreement does not include a situation where one's own counsel comes to an agreement with the Government for an upward departure without the consent or knowledge of the defendant, then the Court must also find that the Movant's plea was not knowingly and voluntarily entered." ECF No. 8 at 3 ¶6.  A party cannot raise an issue for the first time in a reply pleading. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1271 (S.D. Fla. 2020) (J. Bloom).

sentence was sufficient but not greater than necessary. Although the Court referenced that Mr. Martinez did not oppose an upward variance, Mr. Martinez has not shown that this non-opposition affected the Court's conclusion about the appropriate sentence. Notably, the parties' position on the appropriate sentence is not one of the statutory sentencing factors. In sum, Mr. Martinez has not met his burden of showing prejudice.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Vacate Mr. Martinez's sentence.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his Section 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) (per curiam) (citing 28 U.S.C. § 2253(c)(1)); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A Certificate of Appealability should issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Where a district court has rejected a movant's constitutional claims on the merits, a movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, a movant must show that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Here, applying these principles, no certificate of appealability should issue. If Mr. Martinez does not agree, he may bring this argument to the attention of the District Judge in objections.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of May 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE