UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:   22-CV-81969-RLR
20-CR-80031-RLR

ANTONIO JOSE MARTINEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion of Plaintiff, Antonio Jose Martinez ("Martinez"), to vacate, set aside, or correct his 96-month sentence on the ground that his trial counsel was constitutionally ineffective by agreeing with the Government to jointly recommend his sentence without conferring with Martinez. DE 1, DE 3. The Motion was referred to the Magistrate Judge for a Report and Recommendation. DE 4. The Government filed a Response to the Motion, [DE 7], and Martinez filed a Reply. DE 8. The Magistrate Judge issued a Report and Recommendation recommending that the Motion be denied.  DE 9.  Martinez filed an Objection to the Report and Recommendation, [DE 10], and the Motion is ripe for review.

The Court has thoroughly reviewed the Report and Recommendation, the parties' briefing on the Motion, Martinez's Objection, and the record, and is fully advised in the premises. Upon review, the Court finds the Magistrate Judge's recommendations to be well-reasoned and correct, and the Court agrees with the factual recitation and the analysis in the Report and Recommendation. The Court adopts the Report and Recommendation and addresses Martinez's Objections below.

Martinez objects to the recommendation that his Motion be denied; specifically, he objects to the conclusion that "[b]ecause Mr. Martinez has not shown that the Court would have imposed a different sentence but for the joint recommendation, he has failed to satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel." DE 10 at 3.

The Objection argues that Martinez's trial counsel was ineffective based on an agreement between counsel and the Government to jointly recommend a 96-month sentence. *Id.* Martinez argues he was unaware of the agreement and, as a result, he received a higher sentence than he would have received had the agreement not been made. *Id.* at 5-6. He argues that the guideline range was 57-71 months, so his worst-case scenario was 71 months unless the Court varied upward. *Id.* However, Martinez focuses solely on his lack of knowledge of this agreement and ignores critical facts and circumstances leading to the joint recommendation.

First, Martinez faced a mandatory minimum sentence of 120 months, which could have extended to life imprisonment. CR DE 104. If Martinez qualified for the "safety valve" provision pursuant to U.S.S.G. §5C1.2 and 18 U.S.C. §3553(f), his guideline range would have been 57-71 months; however, the presentence investigation report recommended that Martinez would not qualify for the safety valve and recommended a sentencing range beginning at 120 months. CR DE 112. Martinez objected to the report and argued that he qualified for the safety valve reduction. CR DE 113. The Government responded to the objection and provided multiple, detailed reasons that Martinez did not qualify for the reduction, including that Martinez was unwilling to truthfully provide information to the Government concerning the offense, that Martinez minimized his conduct and the amount of cocaine he acquired and distributed, that Martinez had been investigated numerous times in connection with drug trafficking since the 1990s, that law enforcement had warned Martinez to stop selling drugs, that Martinez, and that wiretaps in Martinez's cell phone

revealed extensive drug activity. DE 7 at Ex. 5; CR DE 131. The Government argued that Martinez should not receive the reduction and also stated that, should the Court determine that Martinez did qualify, the Government would seek an upward variance from the advisory guideline range. *Id.* Thus, before the agreement of 96 months was reached, the Government made it clear to Martinez that it would seek a sentence significantly higher than the guideline range.

Second, at both the change of plea hearing and sentencing hearing, Martinez had multiple opportunities to raise any issues regarding his sentence. The plea agreement clearly provided that the statutory minimum for Martinez's offense was 10 years, up to a maximum of life imprisonment. DE 7 at Ex. 2 ¶ 4. At the change in plea hearing, Martinez stated that he understood the minimum and maximum sentences he could face and understood the Court could depart upward or downward. *Id.* at Ex. 4. Then, at the sentencing hearing, the Government and Martinez's counsel explained that the Government was seeking a "much more significant sentence" than the guideline range and that Martinez was seeking a sentence below the guideline range, so the parties agreed on a "midpoint" between the mandatory minimum and the guideline range. DE 7 at 5 & Ex. 6 at 4-11. At that point, the Government provided multiple reasons for an upward variance. *Id.* The Court gave Martinez opportunities to raise any issues or questions with the Court. *Id.* at 4, 10-11.

In addition, during sentencing, the Government also explained that it "made it known to counsel that we were going to object to the safety valve reduction." *Id.* at 6. The day before the hearing, Martinez met with Government attorneys to modify his original safety valve statement and provide further information, and the Government was satisfied with Martinez's responses. *Id.* at 6-7. During the hearing, Martinez's counsel explained to the Court that the parties reached an agreement that morning to jointly recommend 96 months and that Martinez did not object to the

upward variance. The Government reminded the Court of the reasons for an upward variance, particularly "the length of time that Mr. Martinez had been selling cocaine, the amounts of cocaine he had been selling, the fact that he had been previously warned by law enforcement to stop and he had not heeded that warning, and so on and so forth." *Id.* at 11-12.

The Court took note not only of the parties' agreement and Martinez's lack of objection, but also specifically of the bases for the upward variance. *Id.* The Court explained that it considered the parties' statements and the statutory factors, provided explicit reasons for the upward departure, and concluded that 96-months was appropriate. *Id.* at 13-14.

Whether there was ineffective assistance of counsel is measured under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id*. at 690. The Objection focuses on the second prong, whether Martinez can show prejudice. To establish prejudice, a defendant must show that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id*. "[I]n order to show prejudice under *Strickland*'s two-part test, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (citing *Frye*, 566 U.S. at 147, and *Lafler*, 566 U.S. at 174).

Martinez argues that simply because the 96-month sentence is above the guideline range, he has established prejudice. DE 10 at 5; DE 8 at 3-4. The Report and Recommendation determined that Martinez's argument is speculative at best, and the Court agrees. The Court expressly stated:

4

> The Court finds that for all of the reasons that the Government has set forth in Docket Entry 131 on both of his objections, but particularly where it goes on to describe the basis for seeking an upward variance, which begins on page three of the response and is detailed quite extensively in the ensuing pages as to the extent of Mr. Martinez's role, the duration of time that he engaged in the illegal activity, coupled with all of the other factors that have been put forth in the PSI, and also noted that the Defense does not object to the upward variance, recognizing as well Mr. Martinez's role in the matter in this case vis-a-vis his co-defendants, Mr. Cruz Paz, as well as Ms. Maragoto, the Court does find that the 96-month sentence is consistent with 3553, sufficient but not greater than necessary.

DE 7, Ex. 6 at 13. Thus, it is highly likely Martinez would have been sentenced to at least 96 months in the absence of the agreement and potentially more. The Report and Recommendation also noted that "Although the Court referenced that Mr. Martinez did not oppose an upward variance, Mr. Martinez has not shown that this non-opposition affected the Court's conclusion about the appropriate sentence. Notably, the parties' position on the appropriate sentence is not one of the statutory sentencing factors." DE 9 at 8. The Court concludes that Martinez fails to show prejudice and his Motion should be denied.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Magistrate Judge Reinhart's Report and Recommendation, [DE 9], is **ADOPTED**.
2. Martinez Motion, [DE 1] is **DENIED**.
3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.
4. All pending motions are **DENIED AS MOOT** and all deadlines are terminated.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of June, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record